IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-74-FL

| | | |
|---|---|---|
| GEORGE G. MONROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 28, 33). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's final decision. Plaintiff timely filed objections to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning December 8, 2006. On March 12, 2010, an Administrative Law Judge ("ALJ") denied plaintiff's applications. On March 21, 2011, the appeals council vacated the 2010 decision and remanded the case for issuance of a new decision, upon further administrative record. A supplemental hearing was held on November 29, 2011, before a new ALJ, who determined that plaintiff was not disabled during the relevant time period in a decision dated February 7, 2012. The

appeals council denied plaintiff's request for review on January 20, 2013, and plaintiff filed the instant action on April 22, 2013.

## DISCUSSION

A. Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection,

the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 8, 2006, the date of alleged onset of disability. At step two, the ALJ found that plaintiff had the following severe impairments: sleep apnea, narcolepsy, myalgias, uveitis, anxiety, and mood disorder. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the listings in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, except that he should climb stairs or ramps occasionally; never

3

the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 8, 2006, the date of alleged onset of disability. At step two, the ALJ found that plaintiff had the following severe impairments: sleep apnea, narcolepsy, myalgias, uveitis, anxiety, and mood disorder. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the listings in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, except that he should climb stairs or ramps occasionally; never

climb ropes or ladders; be limited to occasional bending, balancing, stooping, crawling, kneeling, or crouching; avoid hazardous machinery and concentrated exposure to fumes; work only in a well-lit environment; and be limited to simple, routine, and repetitive tasks. In making this assessment, the ALJ found plaintiff's statements about plaintiff's limitations not fully credible. At step four, the ALJ concluded plaintiff was not capable of performing any past relevant work. At step five, upon considering testimony of a vocational expert ("VE"), the ALJ determined that there were jobs that existed in significant numbers in the national economy that plaintiff is capable of performing.

B.   Analysis

In his objections, plaintiff argues that the ALJ erred by not giving weight to findings made in the 2010 decision regarding plaintiff's severe impairments. Contrary to plaintiff's argument, however, the ALJ was not required to give weight to the findings made in the 2010 decision, because it was vacated and not the final agency decision of the Commissioner. See Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473, 478 (4th Cir. 1999) (recognizing "legitimate expectations of claimants and, indeed, society at large that final agency adjudications should carry considerable weight"); Acquiescence Ruling 00-1(4), 65 FR 1936-01 (Jan. 12, 2000) (examining circumstances under which the Commissioner must consider "a finding of a claimant's residual functional capacity or other finding required under the applicable sequential evaluation process for determining disability, made in a final decision by an Administrative Law Judge (ALJ) or the Appeals Council on the prior disability claim").

Plaintiff also argues that the ALJ failed to consider and weigh reports of plaintiff's treating physicians, particularly records documenting diagnoses of narcolepsy with cataplexy, memory

4

deficit, and depression. The magistrate judge thoroughly addressed these arguments by plaintiff, and the court adopts and incorporates herein the discussion in the M&R. The court notes the following in furtherance of its de novo review of plaintiff's arguments.

The ALJ's treatment of medical opinions in this case does not require remand, for several reasons. As an initial matter, not all the reports cited by plaintiff are medical opinions that an ALJ must address independently in his decision. For example, plaintiff cites records by plaintiff's treating physician, Dr. Naik, diagnosing plaintiff with "narcolepsy with cataplexy," which plaintiff describes as a sleep disorder characterized by daytime sleepiness and loss of muscle tone. (Tr. 552, 657; DE 41 at 8). Dr. Naik also states "In view that the patient has symptoms of cataplexy, this strongly favors the diagnosis of narcolepsy with cataplexia." (Tr. 657).

The diagnoses provided in the reports, however, do not themselves constitute medical opinions because they do not reflect "judgments about the nature and severity of [plaintiff's] impairments," or plaintiff's abilities or restrictions. 20 C.F.R. § 404.1527(a)(2). Where a cited report, such as that quoted above, does not "contain any medical conclusion or opinion concerning the impact of such diagnosis – either by expressing an opinion as to the impact on plaintiff's ability to do work-related activities or perform daily activities – such is not a medical opinion within the meaning of 20 C.F.R. § 416.927(a)(2)." Phillips v. Colvin, No. 3:13-CV-00307-MOC, 2014 WL 1713788, at *6 (W.D.N.C. Apr. 30, 2014); see Money v. Astrue, No. 5:09CV42-RLV-DSC, 2009 WL 7449241, at * 7 (W.D.N.C. Dec. 9, 2009) ("[T]he mere fact that Plaintiff was diagnosed with certain impairments is insufficient to prove disability and says nothing about the severity of the impairments."); see also Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("Several of the

5

doctors who examined Gross suggested that he might have a psychological disorder, specifically, conversion disorder, hypochondriasis, or alcoholism. However, a psychological disorder is not necessarily disabling. There must be a showing of related functional loss.").

To the extent the "cataplexy" diagnoses contained in these reports constitute medical opinions, however, the ALJ's failure to address them as such is harmless error. The ALJ discusses Dr. Naik's treatment records in his opinion, in the context of discussing plaintiff's sleep disorders, including "excessive daytime sleepiness," "sleep apnea" and "symptoms of narcolepsy." (Tr. 17). Dr. Naik, likewise discusses "cataplexy" as associated with "narcolepsy," noting, for example an impression upon examination of "symptoms of uncontrollable sleep and daytime confusional episodes and symptoms of cataplexy which goes with diagnosis of narcolepsy with cataplexy and symptoms of obstructive sleep disorder." (Id.).

The ALJ reviews the treatment of plaintiff's sleep disorders and notes that plaintiff's "conditions were controlled with conservative treatment." (Id.). The medical records cited by plaintiff in his objections are consistent with this assessment, in that include physician recommendations for sleep testing and treatment by continuous positive airway pressure machine. (Tr. 552, 656, 657). No further treatments were recommended or documented, nor has plaintiff pointed to evidence of further functional limitations beyond those reflected in the ALJ's residual functional capacity determination. In this manner, the ALJ's failure to expressly mention "cataplexy" diagnoses is harmless error where the diagnosis is consistent with the ALJ's residual functional capacity determination. See Gross, 785 F.2d at 1166 ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling."); Aytch v. Astrue, 686 F. Supp. 2d 590,

599 (E.D.N.C. 2010) (stating that a claimant bears the "burden of furnishing evidence supporting the existence of a condition and the effect of that condition on the claimant's ability to work on a sustained basis"); Morgan v. Barnhart, 142 F. App'x 716, 722-23 (4th Cir. 2005) (holding error in failing to credit treating physician opinion was harmless where it did not "materially contradict" the evidence the ALJ adopted).

Similarly, contrary to plaintiff's argument, the ALJ sufficiently discussed records regarding memory deficit, and depression. Plaintiff claims that the ALJ failed to sufficiently address opinions by Dr. Link and Mr. Booth, regarding plaintiff's mental functional capacity. Dr. Link found plaintiff's immediate memory to be "Extremely Low" and general memory to be "Borderline" in a January 2008 report. (Tr. 556). The ALJ in fact addressed this report in his decision in some detail, stating:

> In January 2008, [plaintiff] reported that he did not feel that his medications were helpful. The claimant reported having feeling [sic] depressed and estranged from his surroundings. A mental status examination revealed that the claimant an [sic] intermittent tension-release leg jiggling. He was then diagnosed with an anxiety disorder (not otherwise specified), mood disorder due to multiple physical problems, rule out hypochondriasis, and rule out alcohol abuse from prior history. The claimant's GAF score, at that time, had improved to 55-65 indicating moderate or mild symptoms.

(Tr. 18-19). The ALJ then continued by discussing subsequent mental health reports, including hospitalization, including further discussion of memory problems and depression. (Id. at 19). The ALJ noted, however, that plaintiff's conditions were controlled with conservative treatment. (Id.) The ALJ also addressed Dr. Link's opinion in weighing two diverging consultative examinations, and gave greater weight to the opinion of the second consultative examiner that plaintiff was able to sustain attention to perform simple, repetitive tasks, as most consistent with the ALJ's residual functional capacity determination. (Id. at 19-20). In sum, through such discussion, the ALJ sufficiently addressed reports of plaintiff's mental functioning, including memory and depression.

7

Case 7:13-cv-00074-FL   Document 42   Filed 12/30/14   Page 7 of 8

Further, to the extent the ALJ erred by not expressly noting Dr. Link's report of "extremely low" and "borderline" memory test scores, such error was harmless. In light of the ALJ's determination to give little weight to Dr. Link's opinion, coupled with the ALJ's detailed discussion of plaintiff's mental health treatment, remand for further discussion of Dr. Link's report would be futile. See Bishop v. Comm'r of Soc. Sec., 583 Fed. Appx. 65, 67 (4th Cir. 2014). In sum, where substantial evidence support's the ALJ's residual functional capacity determination, particularly as to mental functional capacity, the Commissioner's decision must be upheld.

The court has reviewed plaintiff's remaining arguments regarding credibility and the hypothetical question posed to the vocational expert. For the reasons stated in the M&R, the court finds these arguments to be without merit. (M&R at 21-23).

## CONCLUSION

Based on the foregoing, upon *de novo* review of the M&R, and upon considered review of the record, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion for judgment on the pleadings (DE 28), GRANTS defendant's motion for judgment on the pleadings (DE 33), and AFFIRMS the final decision by defendant. The clerk is directed to close this case.

SO ORDERED, this the 30th day of December, 2014.

LOUISE W. FLANAGAN
United States District Judge